# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LLOYD I. KRIEGER,

    Plaintiff,

v.

CAPITAL ONE AKA CAPITAL ONE BANK USA, N.A.,

    Defendant.

Case No. 2:13-cv-01389-LDG (VCF)

**ORDER**

    The plaintiff, Lloyd Krieger, sues the defendant, Capital One Bank (USA) N.A., for violating the Fair Credit Reporting Act (FCRA).  Capital One moves to dismiss (#5), which motion Krieger opposes (#7).  Having considered the pleadings and the arguments of the parties, the Court will grant the motion.

Motion to Dismiss

    The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted."  In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  As summarized by the Supreme Court, a

plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

2

Background

As relevant to Capital One's motion, Krieger alleges that, while married and living in Nevada, he opened and incurred debt on a credit card account with Capital One. In 2009, Krieger's spouse filed for bankruptcy, and listed Capital One as a creditor. In 2012, Krieger's spouse received a discharge of her bankruptcy, and Capital One received notice of the discharge.

In March 2013, Krieger obtained his credit reports from Equifax and Experian, each of which reported the credit card account as having a balance of $4,407, an amount past due of $4,407, and that the account was past due in the months of November 2009 through March 2010. Krieger disputed the information as inaccurate and incorrect. Nevertheless, Capital One verified the status of the credit card account as being accurately reported.

Analysis

As made plain in Krieger's complaint, he argues that the credit report information regarding his Capital One credit card account is inaccurate because, in a community property state such as Nevada, the discharge in bankruptcy of a community debt as to the filing spouse also acts as a *discharge* of the debt as to the non-filing spouse. Krieger is incorrect in his conclusion.

In a community property state, the non-filing spouse's personal liability for the community debt survives the bankruptcy discharge of the filing spouse's liability for the debt. *In re Kimmel*, 378 B.R. 630, 636 (B.A.P. 9th Cir. 2007). While a creditor is prohibited from pursuing community property acquired after the bankruptcy to satisfy the non-filing spouse's personal liability on the debt, *id.,* such prohibition is not a discharge of the non-filing spouse's personal liability. Krieger's reliance on *Norwest Financial v. Lawver*, 109 Nev. 242, 245 (1993) is misplaced, as it stands only for the proposition that "a creditor may

not proceed against community property acquired post-petition by the nonbankrupt spouse in order to satisfy community debt."

In short, while Krieger asserts the legal argument in both his complaint and his opposition that his spouse's bankruptcy discharged his personal liability for the Capital One credit card debt, the argument is incorrect.  Further, he has alleged facts conceding that he was personally liable on the credit card account, and that only his spouse filed for and received a bankruptcy discharge as to her liability for the debt.  While Capital One is prohibited from pursuing community property to satisfy this debt, even from Krieger, Krieger has not alleged any facts suggesting that he is not personally liable for the debt.  As Krieger has alleged facts showing that the information reported on his credit reports regarding the Capital One credit card account is accurate, he has failed to state a claim. Accordingly,

THE COURT **ORDERS** that Capital One Bank (USA) N.A.'s Motion to Dismiss (#5) is GRANTED; This matter is DISMISSED with prejudice.

DATED this ____ day of March, 2014.

_____
Lloyd D. George
United States District Judge